IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BLUEWATER LINEN LLC.**,

    Plaintiff,

v.   No. 1:24-cv-0623 SMD/DLM

**SPARTAN CHEMICAL COMPANY INC.**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

In October 2022, Plaintiff Bluewater Linen LLC (Bluewater), a New Mexico commercial laundry processing facility, entered into a partnership agreement (the Contract) with Defendant Spartan Chemical Company Inc. (Spartan), an Ohio company that manufactures chemical products for use in commercial laundry machinery and services the machinery. Pursuant to the parties' Contract, Spartan configured Bluewater's laundry machinery and installed Spartan chemicals. Bluewater alleges that it soon began experiencing chemical buildup, which caused damages to its equipment and products. According to Bluewater's Complaint, Spartan failed to remedy the problem as required by the Contract.

On April 9, 2024, Spartan filed a declaratory judgment action in an Ohio state court, asking the state court to find that Spartan did not breach the parties' Contract. On June 18, 2024, Bluewater filed suit against Spartan in the District of New Mexico alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and negligent misrepresentation. Spartan now moves to stay or dismiss this federal lawsuit under the *Colorado River* doctrine. Doc. 12. Having considered the parties' arguments and the relevant law, the Court will **DENY** the motion.

# BACKGROUND[1]

Bluewater operates a commercial laundry processing facility in New Mexico. Doc. 4 ¶ 10. It launders linens on a large scale (i.e., for hotels and food service customers) using fully automated "state-of-the-art machinery," including a tunnel washer and a highspeed ironer. *Id.* The tunnel washer contains 14 modules that "require individual configuration in relation to chemical use, duration, and volume dependent on the linen being processed and the customer's needs." *Id.* ¶ 11.

On October 3, 2022, the parties entered into a Contract, under which Spartan agreed "to configure Bluewater's chemical usage within the [tunnel washer] and provide all necessary chemicals" and equipment, including chemical dispensers. *Id.* ¶¶ 12, 18–19 (citing Doc. 4-A at 2). Spartan also agreed "to repair or replace any qualifying dispensers that malfunctioned." *Id.* ¶ 21 (citing Doc. 4-A at 2).

Bluewater asserts that it "began experiencing extensive chemical buildup on its linens and ironers that were being processed through the [tunnel washer] system" shortly after Spartan started performing under the Contract. *See id.* ¶ 23. The buildup damaged the linens and the ironers. *See id.* ¶¶ 24–29. Bluewater alleges that it asked Spartan to remedy the issues in accordance with the Contract, but Spartan refused. *See id.* ¶¶ 30–31. Bluewater further states that it "continued to suffer damages until the term of the [Contract] expired and Bluewater was permitted to switch chemical providers." *Id.* ¶ 32.

"On February 16, 2024, Bluewater sent a demand letter to Spartan" and stated "that suit would follow if settlement discussions were unsuccessful." *See* Doc. 15 at 3 (citing Doc. 15-A).

---

[1] The Court recites the facts in a light most favorable to Bluewater.

In the letter, Bluewater made a specific settlement offer and indicated that the offer would remain "open until the close of business on March 18, 2024." *See* Doc. 15-A at 8–9.

On April 9, 2024, Spartan filed a lawsuit in an Ohio state court, seeking a declaratory judgment that it had *not* breached the Contract and damages for Bluewater's alleged breach of the parties' Contract. *See* Docs. 12 at 3; 12-A at 8.[2] On June 18, 2024, Bluewater filed suit in the District of New Mexico under the Court's diversity jurisdiction alleging breach of contract, breach of the covenant of good faith and fair dealing, and negligent misrepresentation. *See* Doc. 1. On September 25, 2024, Spartan moved to stay or dismiss Bluewater's federal lawsuit pending resolution of the earlier-filed action under the *Colorado River* doctrine. *See* Doc. 12 at 1. Bluewater opposes the motion. *See* Doc. 15.

## LEGAL STANDARDS

Under the *Colorado River* abstention doctrine, the Court may "stay or dismiss a federal suit pending resolution of a parallel state court proceeding." *THI of N.M. at Vida Encantada, LLC v. Lovato* (*Lovato*), 848 F. Supp. 2d 1309, 1318 (D.N.M. 2012) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). The doctrine rests on the precepts of "efficiency and economy[, and i]ts goal is 'to preserve judicial resources.'" *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013) (quotation omitted). "[F]ederal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them[;]'" thus, stay or dismissal is only appropriate under the *Colorado River* doctrine when "exceptional circumstances" are present. *See Lovato*, 848 F. Supp. 2d at 1318 (quoting *Colo. River*,

---

[2] The Court cites to the CM/ECF pagination of all briefs and exhibits, rather than to each document's internal pagination.

424 U.S. at 818–19). Consequently, the Court "is not to find some substantial reason for the exercise of federal jurisdiction . . . ; rather, the [Court must] ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the surrender of the jurisdiction." *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26 (1983)) (quotation marks omitted).

To determine whether abstention is clearly justified, the Court must first determine whether the state and federal proceedings are parallel. *See id.*; *see also Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Lovato*, 848 F. Supp. 2d at 1318 (quoting *Fox*, 16 F.3d at 1081). In making this determination, "the Court must 'examine the state proceedings *as they actually exist.*'" *Id.* (quoting *Fox*, 16 F.3d at 1081).

If the Court finds the proceedings are parallel, it then considers a nonexclusive list of factors to determine whether exceptional circumstances exist that warrant abstention. *See id.* at 1318–19 (quoting *Fox*, 16 F.3d at 1082). The applicable factors include: "the inconvenience of the federal forum;" the desire to "avoid[] piecemeal litigation;" "the order in which the courts obtained jurisdiction[;]" "whether federal law provides the rule of decision[;]" "the adequacy of the state court action to protect the federal plaintiff's rights[;]" and "whether the party opposing abstention has engaged in impermissible forum-shopping." *Id.* at 1319 (quoting *Fox*, 16 F.3d at 1082). Courts also consider "the vexatious or reactive nature of either action." *See Potter/Ortiz, LLC v. Lone Mountain Ranch, LLC*, No. 1:13-cv-1043 RB/RHS, 2014 WL 11497822, at *4 (D.N.M. July 29, 2014) (citing *Colo. River*, 424 U.S. at 818; *Moses H. Cone*, 460 U.S. at 18 n.20).

"The Supreme Court has counseled that no single factor is dispositive, but rather, '[t]he

weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case.'" *Lovato*, 848 F. Supp. 2d at 1319 (quoting *Moses H. Cone*, 460 U.S. at 16). In analyzing the factors, the Supreme Court cautions courts that the balance must be "heavily weighted in favor of the exercise of jurisdiction.'" *Id.* (quoting *Moses H. Cone*, 460 U.S. at 16). In other words, the Court is to "resolve any doubt 'in favor of exercising federal jurisdiction.'" *Id.* (quoting *Fox*, 16 F.3d at 1082).

I.     **Whether the Two Actions are Parallel**

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Fox*, 16 F.3d at 1081 (quotation omitted). At first blush, it appears that the suits here are parallel: identical parties are litigating claims stemming from performance of the same contract. Indeed, Spartan contends that the state and federal suits are parallel because they "arise out of the same operative facts" and "ask substantially the same question"—whether Spartan breached its obligations under the Contract. *See* Doc. 12 at 8–9 (citing *Nat'l Loan Acquisition Co. v. Hamilton* (*NLACO*), No. 1:16-cv-0220 RB/SCY, 2016 WL 9408549, at *4 (D.N.M. June 13, 2016)).

Bluewater contends that the suits are not parallel because its claims for breach of the covenant of good faith and fair dealing and negligent misrepresentation are not before the state court. *See* Doc. 15 at 6. Bluewater asserts that the facts relevant to these two claims are unique to the federal suit and, therefore, the state court suit will not provide complete relief. *See id.* The Court agrees, at least with respect to the negligent misrepresentation claim, which sounds in tort. *See, e.g., City of Raton v. Ark. River Power Auth.*, 600 F. Supp. 2d 1130, 1153 (D.N.M. 2008) (citing *Sims v. Craig*, 627 P.2d 875, 877 (N.M. 1981)). In *Moses H. Cone*, the Supreme Court

5

explained that "[t]he decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case . . . ." 460 U.S. at 28 (citing § 4247 Avoiding Duplicative Litigation, 17A Fed. Prac. & Proc. Juris. § 4247 (3d ed.)). Here, a state court decision on whether Spartan breached the Contract will *not* resolve Bluewater's tort claim, which does not depend on the existence of a contractual agreement. *See, e.g.*, *Apodaca v. Young Am. Ins. Co.*, 702 F. Supp. 3d 1094, 1120–21 (D.N.M. 2023) (discussing the elements of negligent misrepresentation); *see also id.* at 1131 (noting that a claim for breach of the implied covenant of good faith and fear dealing generally sounds in contract) (citations omitted).

Spartan submits that Bluewater *could have* raised its claims as counterclaims in the state suit, and Bluewater should not be allowed to "destroy parallelism" by refusing to assert them there. *See* Doc. 16 at 3–4 (citing *Beal Bank USA v. Swift*, No. 16-C-10729, 2017 WL 372325, at *3 (N.D. Ill. Jan. 26, 2017); *Knight v. DJK Real Estate Grp., LLC*, No. 15-C-5960, 2016 WL 427614, at *5 (N.D. Ill. Feb. 4, 2016)). The cases Spartan references, however, are inapposite. The plaintiffs in *Beal Bank* and *Knight* filed suit in both state and federal court, and there was evidence that the plaintiffs in each case made a deliberate choice to destroy parallelism. *See Beal Bank*, 2017 WL 372325, at *3 (finding plaintiff's conduct in dropping request for monetary relief in state court complaint evidenced its intent "to strategically and cynically manipulate its pleadings to destroy parallelism") (citations omitted); *Knight*, 2016 WL 427614, at *5 (finding plaintiff chose to sue different entities in federal court in an attempt to destroy parallelism) (citations omitted). Here, there is simply no evidence to suggest that Bluewater—plaintiff in one suit and defendant in another—engaged in conduct to destroy parallelism. Moreover, even if Bluewater *could* amend its

6

answer in state court to assert counterclaims that would create parallelism, the Tenth Circuit has directed courts "to examine the state proceedings *as they actually exist* to determine whether they are parallel to the federal proceedings." *Fox*, 16 F.3d at 1081 (citations omitted).

Spartan takes issue with this directive from *Fox* and argues that at least one case from this district leads to a different conclusion. *See* Doc. 16 at 5 (discussing *NLACO*, 2016 WL 9408549, at *5). The circumstances in *NLACO* are somewhat similar to those here. In that case, the federal defendants (who were also the state plaintiffs) moved to stay or dismiss and argued that the federal claims were compulsory counterclaims in the first-filed state case. *NLACO*, 2016 WL 9408549, at *2–3. The court agreed that the cases were parallel, but in doing so, it relied on an important distinction from the case at bar: the state defendant *had not yet filed an answer* in state court. *Id.* at 3, 5–6. Thus, the court opined, it must "employ some logic and foresight beyond looking at the 'proceedings as they actually exist[,]'" and it predicted that the state defendant would assert a counterclaim identical to its federal claim. *Id.* at *5. Here, however, Bluewater filed its answer—sans counterclaims—long ago. *See Spartan Chem. Co. v. Duke City Linen, LLC*, No. G-4801-CI-0202402-032-000 Answer (Lucas Cnty. Court Common Pleas, Ohio July 17, 2024). The state trial begins in less than two months, and it is not a given that the state court would be amenable to a motion to amend at this late date. As it stands, Bluewater's federal claims will not be resolved in the state case, and thus the Court cannot say with any confidence that it will "have nothing further to do in resolving any substantive part of the case" if it grants Spartan's motion to stay or dismiss. *See Fox*, 16 F.3d at 1082 (quotation omitted). Further distinguishing the *NLACO* case is the fact that the court found exceptional circumstances, which are not present in this matter, warranted a stay. *See* 2016 WL 9408549, at *6–7. For example, the state court case included parties that could

7

not be joined in federal court because joinder would destroy diversity jurisdiction. *See id.* at *6. As discussed below, no exceptional circumstances exist that warrant a stay here.

In sum, the question of whether the suits are parallel presents a close call: the parties in both cases are identical, the issues are similar, and Bluewater could have asserted its claims as counterclaims in the state suit. But because Bluewater's claims are not before the state court and will, therefore, require action by this court regardless of the state court outcome, the state suit is not "an adequate vehicle for the complete and prompt resolution of the issue between the parties . . . ." *See Moses H. Cone*, 460 U.S. at 28. Consequently, the Court finds that the proceedings are not parallel.

## II.     *Colorado River* Factors

Even if the proceedings were parallel, the Court finds no exceptional circumstances warrant abstention under the doctrine.

### a.   Inconvenience of the Federal Forum

The parties seemingly agree that the federal forum is no more or less inconvenient than the state forum. *See* Docs. 12 at 10 ("No evidence suggests that traveling to New Mexico to litigate this dispute would be less convenient for Spartan than it would be for Bluewater to travel to Ohio."); 15 at 9–10. Thus, this factor weighs in favor of exercising jurisdiction.

### b.   Desire to Avoid Piecemeal Litigation

"The 'paramount' consideration in" balancing the *Colorado River* factors is "'the danger of piecemeal litigation.'" *See D.A. Osguthorpe*, 705 F.3d at 1234 (quoting *Moses H. Cone*, 460 U.S. at 19). "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *THI of N.M. at Las Cruces, LLC v. Fox*, 727 F. Supp. 2d 1195, 1209 (D.N.M. 2010) (citations omitted). The Court agrees that the

question of whether Spartan breached the Contract is at issue in both proceedings, which poses a danger of conflicting results. Nevertheless, "the pendency of an action in the state court *is no bar* to proceedings concerning *the same matter* in the Federal court having jurisdiction . . . ." *See Colorado River*, 424 U.S. at 817 (emphasis added) (citations omitted). In fact, "the mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction." *See id.* (citations omitted); *see also Edge Inv., LLC v. D.C.*, 927 F.3d 549, 555 (D.C. Cir. 2019) ("the mere risk of duplicating efforts and different results is not what the Supreme Court meant by piecemeal litigation") (discussing *Moses H. Cone*, 460 U.S. at 7). Instead, given the significant overlap in the contract issues between the two suits, "the doctrines of res judicata and collateral estoppel will substantially mitigate the risk of conflicting results." *See Edge Inv., LLC*, 927 F.3d at 556.

*D.A. Osguthorpe* is a prime example of the type of piecemeal litigation that *Colorado River* protects against. There, multiple parties litigated several lawsuits in state court for five years before one of the parties filed suit in federal court. *See* 705 F.3d at 1227–29, 1234. The Tenth Circuit observed that "the mammoth size of the [state] court's docket[,]" which "contain[ed] thousands of entries and span[ned] nearly two hundred pages in the record[,]" illustrated the confusion and strain on the judiciary if parallel suits were allowed to proceed simultaneously. *Id.* at 1234. Here, on the other hand, the Ohio state court docket is rather minimal: the state court has decided one substantive motion (Bluewater's motion to dismiss for lack of jurisdiction), the parties have engaged in discovery, and the state court set trial to begin October 27, 2025. *See Spartan Chem. Co.*, No. G-4801-CI-0202402-032-000 Docket (Lucas Cnty. Court Common Pleas, Ohio). "The circumstances here thus present little more than a 'garden-variety example of two lawsuits

9

proceeding concurrently in two courts.'" *See IBC Advanced Techs., Inc. v. Ucore Rare Metals Inc.*, 415 F. Supp. 3d 1028, 1034 (D. Utah 2019) (quoting *Edge Inv., LLC*, 927 F.3d at 556). The Court finds this factor weighs only slightly in favor of abstention.

### c. The Order the Courts Obtained Jurisdiction

Spartan argues that this factor weighs in favor of abstention because it filed the state action more than two months before Bluewater filed the federal action. Doc. 12 at 11. The Court agrees that this factor leans slightly toward abstention, as the state case has progressed more quickly, and trial is set to begin October 27, 2025. *See Moses H. Cone*, 460 U.S. at 21–22 (noting that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions").

### d. State Law and the Adequacy of the State Court Action

The parties agree that state law governs the dispute. *See* Docs. 12 at 12; 15 at 8. Curiously, neither party clarifies whether New Mexico or Ohio state law controls. As a result, the Court finds this factor is neutral.

The parties disagree about whether the state court will adequately protect Bluewater's rights. Bluewater again points to the two claims not before the state court and argues that the state court is not in a position to protect Bluewater's rights. *See* Doc. 15 at 12–13. The Court sides with Bluewater and finds this factor weighs in favor of exercising jurisdiction.

### e. Forum-Shopping or Reactive Litigation

Spartan asserts that Bluewater filed the federal suit in reaction to the state suit, while Bluewater alleges that Spartan only filed the state suit after Bluewater sent a settlement demand letter. *See* Docs. 12 at 11; 15 at 12. As a result, the Court finds this factor is neutral.

### III. Balancing the Factors

Here, no factor strongly points to abstention. Being mindful that the balance of factors should be "heavily weighted in favor of the exercise of jurisdiction[,]" *Colorado River*, 424 U.S. at 819, and that "any doubt should be resolved in favor of exercising federal jurisdiction," *see Fox*, 16 F.3d at 1082 (citation omitted), the Court finds that no clear justification exists to warrant abstention.

**IT IS THEREFORE ORDERED** that Spartan's Motion to Stay or Dismiss is **DENIED**.

_____
SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE